UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA GLOECKNER,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>DONNY YOUNGBLOOC,<br><br>　　　　Respondent. | Case No.: 1:12-cv-00935-BAM (HC)<br><br>ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION<br><br>(ECF No. 21) |

On December 26, 2012, the instant petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 was denied on the merits and judgment was entered in favor of Respondent.

On January 14, 2013, Petitioner, through counsel, filed a motion for reconsideration of the Court's December 26, 2012, decision. Petitioner filed his motion pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure, which states, in pertinent part "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for … (6) any … reason that justifies relief." Petitioner contends the Rule 60(b) motion is based on a "defect in the integrity of the federal habeas proceedings" and argues it is "reasonably probable the Brady material withheld from her by the state prosecutor would have changed the outcome." (Motion, at 1.) Petitioner also challenges the Court's substantive ruling on her ineffective assistance of counsel claim and claim that she was denied the right to testify on her own behalf. (Motion, at 11-13.)

Respondent filed an opposition to the motion on January 22, 2013, and Petitioner filed a reply on February 8, 2013.

Rule 60(b) applies in habeas corpus proceeding only to the extent it is not inconsistent with applicable federal habeas statutes and rules. Gonzalez v. Crosby, 545 U.S. 524, 531 (2005). Rule 60(b) may not be utilized as an alternative to review by way of appeal. It also may not be utilized to circumvent the limitations on successive habeas petitions. Id. at 531-532. A Rule 60(b) motion may be appropriate where it is not used to allege a claim or to attack the substance of the federal court's resolution of a claim on the merits, but rather to challenge some defect in the integrity of the federal habeas proceedings, such as a failure to exhaust, procedural default, or statute of limitations. Id. at 532, 538.

In this instance, Petitioner's Rule 60(b) motion attacks this Court's prior resolution of the substance of Petitioner's petition. The December 26, 2012, order denied the merits of Petitioner's Brady claim finding that the additional evidence would only have been cumulative of the other evidence already before the jury. The Court finds that, although Petitioner labels the motion as a challenge to a "defect in the integrity of the proceedings," the basis of Petitioner's challenge is to the Court's ruling on the substance of her claims which does not provide an adequate basis for Rule 60(b) relief. Petitioner's claim was adjudicated on the merits, and the Court found relief was precluded by way of section 2254. Thus, Petitioner's motion is an attempt to re-litigate the merits of the petition, and it is therefore a second or successive petition. See Gonzalez v. Crosby, 545 U.S. at 532 ("A motion can … be said to bring a 'claim' if it attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief.") (footnote omitted). Accordingly, the instant motion for reconsideration must be dismissed as it is a second or successive petition. Petitioner's failure to seek and receive the Ninth Circuit's authorization to file the present petition deprives this Court of jurisdiction. See Burton v. Stewart, 549 U.S. 147, 153-155 (2007).

///

///

1  Based on the foregoing, Petitioner's motion for reconsideration is DISMISSED as a second or
2  successive petition.
3  IT IS SO ORDERED.

Dated: **August 28, 2013**                          /s/ *Barbara A. McAuliffe*
                                                    UNITED STATES MAGISTRATE JUDGE